IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Alvin J. Halford and Joan R. Halford, | § | Case No.: 17-41936-RFN-7 |
| | § | Objection Deadline: |
| Debtors | § | 7/12/2018 |

## DEBTORS' MOTION TO APPROVE WAIVER OF DISCHARGE

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

Alvin J. Halford and Joan R. Halford, (the "Debtors") move the Court to approve their waiver of discharge in accordance with 11 U.S.C. § 727(a)(10) and respectfully state:

1. Alvin J. Halford and Joan Halford (the "Debtors") commenced this bankruptcy case on May 5, 2017, with a Chapter 7 petition filed in the United States Bankruptcy Court for the Northern District of Texas.

2. The original deadline for a motion to dismiss or an objection to discharge was August 7, 2017 (the "Deadline").

3. On August 1, 2017, the United States Trustee timely filed the Agreed Motion to Extend Deadline by Which United States Trustee May File a Complaint Objecting to Discharge (Docket Entry No. 79) seeking an extension of the Deadline to October 9, 2017 in order to permit time for the United States Trustee and the Debtor to schedule a Rule 2004 examination of the Debtor.

4. The Court entered the agreed order extending the Deadline to October 9, 2017 (Docket Entry No. 80) on August 2, 2017.

5. On August 7, 2017, the United States Trustee filed an agreed motion for Rule 2004 examination of the Debtors seeking to examine the Debtors under oath regarding their Schedules,

Statement of Financial affairs, and other matters that may have bearing on their financial affairs and this bankruptcy case.

6. The Court entered the agreed order granting motion for Rule 2004 examination of the Debtor on August 10, 2017 (Docket Entry No. 32), and the Rule 2004 examination was scheduled for August 18, 2018 at 1:00 p.m. at the law offices of Debtors' counsel.

7. In view of the United States Trustee's investigation and pending Rule 2004 examination, and in view of the fact that Debtors may be ineligible to receive a chapter 7 discharge in this case, the Debtors has informed the United States Trustee that they agree to waive their discharges. A copy of the waiver affidavit is attached to this motion.

### Conclusion

Wherefore, the Debtors respectfully request that the Court approve their waiver of discharge and grant further proper relief.

Dated: June 21, 2018

Respectfully submitted,

**WEAVER LAW, PLLC**

By: /s/ R. David Weaver
R. David Weaver
SBN 21010875
1601 East Lamar Blvd., Suite 102
Arlington, Texas 76011
(817) 460-5900
(817) 460-5908 Fax
rdweaver@arlingtonlawfirm.com

ATTORNEYS FOR DEBTORS

## Certificate of Service

I certify that I sent copy of the foregoing document via ECF or via first class United States mail on June 21, 2018, to Erin Marie Schmidt, Office of the United States Trustee, the Chapter 7 Trustee, the United States Trustee, and all parties entering an appearance in this case.

*/s/ R. David Weaver*
Counsel for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Alvin J. Halford and Joan R. Halford, | § | Case No.: 17-41936-RFN-7 |
| | § | |
| Debtors | § | |

**Affidavit of Alvin J. Halford and Joan R. Halford Waiving Discharge**

State of Texas
County of Tarrant

The undersigned, being of lawful age and being first duly sworn, deposes and states as follows:

1. We are over the age or eighteen, and are mentally and physically sound;

2. We have a high school degree;

3. Before entering this waiver of discharge, we conferred with our bankruptcy attorney;

4. We fully understand the legal consequence of waiving a discharge;

5. We speak and read English fluently;

6. On May 5, 2017, we filed a voluntary bankruptcy petition under chapter 7;

7. We are waiving our discharge voluntarily;

8. We intend to waive our discharge as to all debts existing as of the date of our bankruptcy filing, and we specifically understand that this waiver includes the following:

   A. Debts listed on our Schedule of Secured Creditors, Schedule D, or added through any amendment to our Schedule of Secured Creditors, Schedule D;

   B. Debts listed on our Schedule of Creditors Holding Unsecured Priority Claims, Schedule E, or added through any amendment to our Schedule of Creditors Holding Unsecured Priority Claims, Schedule E;

   C. Debts listed or engrafted through an exhibit to our Schedule of Creditors Holding Unsecured, Non-Priority Claims, Schedule F, or added through any amendment to our Schedule of Creditors Holding Unsecured, Non-Priority Claims, Schedule F;

   D. Debts held by any creditor who is listed on the matrix or any amended matrix;

9.  This waiver allows the collection of debts but does not establish an admission of liability or amount.

FURTHER AFFIANTS SAYETH NOT.

_____
Alvin J. Halford

_____
Joan R. Halford

Sworn and subscribed to before me, the undersigned authority on this the 20th day of June, 2018, to certify which, witness my hand and seal.



_____
Notary Public in and for the State of Texas